## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUSTIN HOLDEN | Criminal Action No. 14-486 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on pro se Defendant Justin Holden's ("Holden") Motion for Early Termination of Supervised Release. (ECF No. 23.) The United States of America (the "Government") opposed (ECF No. 25), and Holden did not reply. In deciding this Motion, the Court considers the parties' submissions and Holden's voluntary plea agreement with the Government in this case, executed on June 23, 2014.

In his signed plea agreement, Holden "voluntarily waive[d] the right to file any appeal, any collateral attack, or any other writ *or motion . . . which challenges the sentence imposed* by the sentencing court if that sentence falls within or below the guidelines range that results from the agreed total offense level of 23." (Plea Agreement 8 (emphases added), ECF No. 16.) The Court then sentenced Holden within the stipulated guidelines range.[1] (*Id.*; J. 2-3, ECF No. 19.) Moreover, little doubt exists that "seeking to shorten the term of [one's] supervised release . . . is a challenge to the sentence imposed." *United States v. Damon*, 933 F.3d 269, 274 (3d Cir. 2019). Plea agreements that contractually preclude defendants from seeking modification of their sentences are routinely upheld. *See, e.g., Damon*, 933 F.3d at 273-75. Further, the U.S. Court of Appeals for the Third Circuit held that supervised release is part of a defendant's sentence and, consequently, also subject to plea waivers. *Id.* at 274 ("The 'sentence imposed' on [defendant] likewise encompassed the duration of his supervised release.").

---

[1] The Honorable Mary L. Cooper presided over Holden's case and sentencing. The matter was transferred to the undersigned on September 1, 2021. (*See* ECF No. 22.)

Here, the Court finds that Holden unambiguously waived the right to seek early termination of his supervised release. *See United States v. Edwards*, No. 11-737, 2022 WL 341199, at *1-2 (D.N.J. Feb. 3, 2022) (finding defendant's plea agreement waived his right to seek modification of his supervised release term). Notably, Holden does not challenge the validity of the plea agreement itself or the terms on which he entered into it. (*See* Def.'s Moving Br. 1, ECF No. 23.) As such, the Court finds Holden is bound to the terms of his plea agreement and denies his Motion.

**IT IS THEREFORE**, on this 9th day of June 2022, **ORDERED** as follows:

1. Defendant Justin Holden's application for early termination of supervised release (ECF No. 23) is **DENIED**.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**